**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. RASHAUD JONES, *Defendant.* | No. 3:13-cr-00002 (MPS) |

**NOTICE REGARDING JUNE 24, 2020 RULING ON SECTION 3582(C)(1)(A)**

On June 24, 2020, I denied Mr. Jones's motion under 18 U.S.C. Sec. 3582(c)(1)(A) to reduce his term of imprisonment. My ruling relied in part on the then-applicable guidance published by the U.S. Centers for Disease Control ("CDC") regarding the types of medical conditions that placed persons at increased risk for severe illness from COVID-19. On June 25, 2020, the CDC updated that guidance. The update most relevant to Mr. Jones is that the CDC now views obesity with a body mass index of 30 or higher as a factor denoting increased risk, whereas it previously viewed only "severe obesity" with a body mass index of 40 or higher as such a factor. The last available information in Mr. Jones's medical records indicates that his BMI is 38.4; according to current CDC guidance, therefore, Jones's obesity places him in the high-risk category. In addition, the CDC's updated guidance now lists "hypertension or high blood pressure" as a *possible* risk factor, whereas it previously did not list this condition at all. As noted in my ruling, Mr. Jones's most recent blood pressure reading places him below the range of "high blood pressure," although a previous reading was in the high blood pressure range. Although the CDC's updates suggest that the risk to Mr. Jones from COVID-19 is somewhat higher than what I described in the June 24 ruling, it does not cause me to alter my

decision as to the proper outcome. As discussed in the ruling, I already regarded Mr. Jones – because of his diabetes – as someone who face an increased risk from COVID-19, but I found that consideration of the Section 3553(a) factors nonetheless defeated Jones's effort to show that there were "extraordinary and compelling reasons" justifying the requested reduction in the term of imprisonment.

Even after considering the updated CDC guidance, I reach the same conclusion, largely for the reasons articulated in my ruling. The increased risk to Jones's health and safety still does not, when the Section 3553(a) factors are considered, move the needle far enough to meet the demanding standard of "extraordinary and compelling reasons."

IT IS SO ORDERED.

Dated: Hartford, Connecticut
       June 29, 2020

                                                        /s/
                                                Michael P. Shea, U.S.D.J.